# CHESHIRE,

## DECEMBER TERM, A. D. 1846.

---

### WHEELER, Ex'r, & Tr. v. PERRY & a.

| 18 | 307 |
| 66 | 273 |
| 66 | 373 |
| 18 | 307 |
| 168 | 408 |
| 18 | 307 |
| 71 | 184 |

This court has jurisdiction of a bill in equity, filed by an executor, who is also trustee, asking the aid of the court in the care and disposition of the trust funds, by the determination of conflicting claims to the same, and by directing the mode in which investments may be made.

The court may give directions respecting investments by a trustee, either by a general rule, or by an order in a particular case.

A testator gave to his son the income of two shares in a corporation, during his life, the shares, on his decease, being given to his heirs. Five hundred dollars had been paid in on each share, constituting the original estate, but, by increase in the value of the property of the corporation, the shares were, at the time of the making of the will, of the value of about fifteen hundred dollars each, and it appeared that the testator so valued them in making the bequest. The corporation, having made regular dividends of income up to a certain date after the decease of the testator, at that time voted to sell its property and divide the proceeds, which was done;—*Held*, that the dividends, received by the executor after this vote, were to be regarded as dividends of the capital, substituted for the shares, and that the son was entitled to the income which should be derived from the sums so received, the principal, on his decease, belonging to his heirs.

IN EQUITY. The bill stated that on the 21st of February, 1839, Justus Perry, of Keene, made his last will, in which, among other bequests, was the following, namely:

"I give, bequeath and devise to my son, Henry Perry, the use and income of two shares in the Locks and Canal company, on Merrimack river; also two shares in the Boott Manufacturing company, at Lowell; also one share

in the Merrimack Manufacturing company, at Lowell; the said five shares being estimated at six thousand dollars; to have, hold, receive and enjoy the same for and during his natural life, and upon his decease I give, bequeath and devise the said shares to his heirs."

The bill stated the decease of the testator, the proof of the will by the plaintiff, as executor, and that Charles Lamson had been appointed guardian of said Henry Perry and other minor children of the testator. It then stated that the two shares described in the will as two shares in the Locks and Canal company were two shares in the capital stock of a corporation established at Lowell, Mass., which capital stock was divided into twelve hundred shares, upon each of which five hundred dollars had been paid into the treasury of the corporation; that the money paid in was chiefly invested in land, and water-power, machine-shop and foundry in said Lowell, and that said land and water-power had afterwards greatly increased in value, so that at the time said last will was made the shares were worth and have ever since been worth fifteen hundred dollars, or thereabouts. There were other statements tending to show the value of the shares in the Boott and Merrimack companies, and thus to lead to the conclusion that the testator, in his estimate of the property of which the income was bequeathed to his son Henry, must have valued the shares in the Locks and Canal company at about fifteen hundred dollars each.

The bill further stated certain dividends which had been paid upon said shares up to September 17, 1844, at which date the corporation determined and voted that the directors be authorized and requested to sell all the property belonging to the corporation at such times and in such manner as they might deem most advisable; that the directors had begun and were proceeding to carry that vote into effect, and to divide the proceeds among the share-holders, and that the plaintiff as executor had received, since the 17th

of September, 1844, and prior to September 17, 1845, four dividends, amounting to eight hundred dollars on each share, which he had paid over to Charles Lamson, the guardian of said Henry Perry, not knowing at the time that he was not entitled thereto; and since that time he had received another dividend of five hundred and fifty dollars on each share, with notice that there remains to be divided property of sufficient value, by estimate, to give an additional and last dividend of one hundred and seventy-five dollars or more on each share.

The bill then set forth that Lamson, the guardian, sometimes claims to hold all the money which had been paid to him, as the rightful property of his ward, and to have whatever other sums have been or shall be received on said shares, and sometimes claims a right to all except five hundred dollars on each share, being the original par value, &c.

And the plaintiff, ignorant of his duty in this regard, prayed the court to pass such decrees in the premises, as well against said Lamson as guardian, as for the future guidance, direction and safety of the plaintiff, as should to equity and justice might appertain.

*S. Hale,* for the executor. The executor wishes to be instructed, (1) what sum he shall invest for the heirs of Henry Perry; (2) in what name he shall invest it; (3) in what property or securities.

1. Shall he invest the whole amount which the two shares in the Locks and Canal may yield, when all the property shall be sold, deducting the average annual income, after they cease to divide income? or such amount as will secure six thousand dollars to Henry Perry's heirs? or only one thousand dollars, the par value of the shares?

2. The stock in which the heirs have a reversionary interest yet stands in the name of the testator. In what name should the new investment stand?

3. Trustees and guardians, in this country, are often at a loss to know in what stocks, if any, they may safely invest the money they have in charge. The case stated and the prayer is broad enough to include instructions on this point, and the petitioner desires it, for his own good and that of others.

*W. P. Wheeler*, guardian *ad litem*, for minor heirs of J. Perry. One question is, whether this bill can be maintained by the court. Perhaps it is for the interest of the wards that it should be sustained, and it may be said that the general rule of equity authorizes it, if, the statute of this State, conferring jurisdiction in equity, warrants it. 1 Story's Eq., sec. 544, p. 514; 2 Vernon 37, *Buccle* v. *Atleo*; Fonblanque's Eq., B. 4, pt. 2, ch. 2, sec. 3, note *u*; 1 Jac. & Walk. 231, *Jackson* v. *Leaf.* How far the statute applies, the court will consider. *Parsons* v. *Parsons*, 9 N. H. Rep. 309. Perhaps the bill may be maintained under the jurisdiction of the court in cases of trusts.

The matter in which the wards are particularly interested is the two shares in the Locks and Canal company. Henry Perry is to have the income, but has no right to interfere with the principal. The trust still attaches to the property. We ask an order that it shall be reinvested, and the income paid to him—the principal being kept in trust for those who may be entitled.

The testator did not treat the shares as if par value was the principal, and give the income of that, but he gave the income of the whole.

If the stock had depreciated on the dissolution of the company, the court could not have ordered a greater sum invested than the stock produced. The same rule holds when it produces more. The court cannot order less.

*L. Chamberlain*, for the guardian of Henry Perry. We

do not understand that the will contemplates that the executor should hold the property. How the trust is to be perpetuated, does not appear from any provisions in the will. The guardian may as well take and hold it. He is the party who must apply the income to his ward's use.

The testator did not contemplate the dissolution of the Locks and Canal company, and made no provision for that event. But when dividends are made, all beyond the par value is income, and Henry Perry is entitled to all the income.

PARKER, C. J. The bequest to Henry Perry is of the income of certain shares in several corporations during his life, the shares upon his decease being given to his heirs. The will appoints no trustee to hold the shares during his life time, but as the income only is given to him, he is not entitled to take the shares himself; a trust is therefore constituted, and the executor is the trustee.

The case presented, then, is that of an executor who is trustee, seeking the order and direction of the court in relation to the construction of the will of his testator, by which a trust is constituted respecting which there are conflicting interests. Upon the true construction of the will depends the solution of the question, who is entitled to a portion of the property which has come to the hands of the executor upon a dissolution of the corporation, shares in which formed part of the subject matter of the trust; and perhaps, also, relief against the guardian of the *cestui que* trust, if it shall appear that certain sums which have been received by him are part of the trust fund, and have been paid to him by mistake.

This court has general jurisdiction in equity in cases of trusts. If, therefore, it is part of the jurisdiction of a court of equity to receive an application, by a trustee, for a decree which shall aid and direct him, by an adjudication upon conflicting claims involved in the administra-

tion of the trust, so that he can proceed with safety in the care and distribution of the trust funds, then there is no doubt respecting our jurisdiction over the whole subject matter. And even if no such jurisdiction existed, there seems to be no doubt that the question whether the guardian of Henry Perry is entitled to hold certain sums which have been paid to him, as the property of his ward, or whether they are a part of the trust funds, and paid to him through a mistake respecting their character, so that he is accountable for them to the plaintiff, to be held as a part of the trust, is one over which the jurisdiction of the court is unquestioned.

The case upon the first point is not one of frequent occurrence, but in that particular the jurisdiction seems to be sustained.

Executors and administrators are often spoken of as trustees, in reference to the interest of heirs and legatees, and the creditors of the estate, and their duties and obligations have substantially the character of those of a trustee, so far as the rights and interests of such parties are concerned. If an executor may apply to the court for aid and direction in relation to the settlement of the estate, it would seem that one who is technically a trustee may do so in like manner; and in this case the plaintiff is executor and trustee also.

It is said that an application for aid and relief in the administration of estates is sometimes made by the executor or administrator, when he finds the affairs of the testator or intestate so much involved that he cannot safely administer the estate, except with the aid of a court of equity. In such case it is competent for him to institute a suit against the creditors generally, for the purpose of having all their claims adjusted, and a final decree settling the order and payment of the assets. 1 Story's Eq., sec. 544. It has been objected to this jurisdiction, that it may be used by executors and administrators to keep creditors

out of their money; but the court can judge whether the
case is one which, from the difficulty of determining the
rights of the parties, requires its intervention, and can
generally correct any attempt at a misuse of the right.
In Comyn's Digest, Chancery, 3–6, we find,—" The most
safe way for the payment of legacies by an executor is to
take the direction of the court of chancery"; as if it were
a matter well settled that he might do so.

This case comes within the principle of these author-
ities; and it may be added that it is to some extent in
the nature of a bill of interpleader, as it seems to settle
conflicting claims which might otherwise involve the
executor and trustee in great loss.

In *Parsons* v. *Parsons*, 9 N. H. Rep. 309, which has been
referred to in the argument, it was found that the juris-
diction which was invoked was exercised in England, nei-
ther under the head of trust or fraud, but was a particular
jurisdiction, which had grown up, step by step, in the
courts there, and was not within the grant of jurisdiction
in our statute.

As to the direction asked respecting the mode of invest-
ment; the court may give directions by a general rule, or
in the specific case.

In regard to the construction of the devise to Henry
Perry it appears to be conceded that the testator regarded
the increase in the value of the shares in the Locks and
Canal company as an increase of the capital, and not as
income. The corporation so regarded it, making divi-
dends of income from time to time before the vote to sell
their property,—upon what precise principle does not ap-
pear, nor is it material to the decision of this case.

The testator, when he made his will, appears not to
have contemplated the dissolution of the company,
having made no provision for such an event. But he
gave the income of the shares as they then stood, being
of about the value of $1500 each, to his son Henry, and

the shares, on Henry's death, to his heirs. When the corporation voted to sell their property and divide the proceeds, they seem to have ceased making dividends of income, and to have commenced making dividends of the capital as fast as the property could be sold and the proceeds realized. The subsequent dividends, then, must be regarded as the proceeds of the shares themselves, the same as if the shares had been sold; and what has been, and what shall be, thus received is substituted for the shares, forming a fund, of which Henry Perry is entitled to the income during his life, his heirs being entitled to the principal upon his decease.

The sums which the guardian has received are trust funds, which do not belong to his ward, and which of course must be repaid to the plaintiff, to be held by him for the purposes of the trust.

DECREE,—that said Henry Perry is entitled, by the will of his father, Justus Perry, to the use and income of all the sums received on account of the division of the capital stock of the Proprietors of the Locks and Canals on the Merrimack river; that the executor of said will is trustee, to hold the said sums so received, and may invest the same in the purchase therewith of stocks of the United States, or treasury notes of the United States, bearing six per cent interest, or the stocks of any of the States which have uniformly paid their bonds and obligations, and the interest thereon, when the same became due; or he may deposit the sum in any savings bank which is in good credit, or lend the same on good security, by note and mortgage, and may and shall pay over the income thereof to the person entitled to receive the same.

And it is further ordered and decreed, that the said Charles Lamson, guardian as aforesaid, pay over to the said executor all the money remaining in his hands, received by him on account of the division of the capital stock aforesaid.